# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **K.R.**

**No. 19-0647** (Kanawha County 18-JA-335)

**FILED**

**April 6, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother T.R., by counsel Rebecca Stollar Johnson, appeals the Circuit Court of Kanawha County's June 13, 2019, order terminating her parental rights to K.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem, Matthew Smith, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that she had not successfully completed her improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2018, the DHHR filed an abuse and neglect petition against petitioner after she gave birth to a drug-exposed child, K.R. The DHHR alleged that the child's umbilical cord tested positive for cocaine, nicotine, and alcohol. Likewise, the DHHR alleged that petitioner tested positive for cocaine, marijuana, and alcohol and admitted to abusing alcohol and cocaine prior to the child's birth. Thereafter, petitioner waived her preliminary hearing.

The circuit court held an adjudicatory hearing and adjudicated petitioner as an abusing parent upon her stipulation of substance abuse in August of 2018. Petitioner moved for a post-adjudicatory improvement period, and the circuit court granted the motion. The circuit court

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

ordered that petitioner participate in adult life skills classes, parenting classes, random drug testing, and supervised visitations, as well as attain full-time employment. In November of 2018, the circuit court held a review hearing, found that petitioner had substantially complied with her improvement period, and ordered that services continue. Petitioner's supervised visitations were graduated to unsupervised.

In February of 2019, the circuit court held a review hearing, during which the DHHR presented the testimony of Corporal Wesley Daniels of the Charleston Police Department who testified that he responded to a call at petitioner's home where he found her severely intoxicated. He learned that petitioner was supposed to be exercising unsupervised visitation with the child, but her fiancé had left the home to return the child to the DHHR before he arrived. A DHHR worker testified that petitioner had missed eight drug screens. As a result, the circuit court ordered that petitioner's visitations with the child be supervised.

Upon the expiration of petitioner's post-adjudicatory improvement period, the circuit court held a dispositional hearing in April of 2019. Petitioner failed to appear, but counsel represented her and moved to continue the hearing citing petitioner's medical emergency. The circuit court denied the motion, but stated that petitioner could move the circuit court to "reconsider" the outcome if she provided proof of her medical emergency. A DHHR worker testified that petitioner had not complied with random drug screening since the hearing in February of 2019. Another DHHR worker testified that she supplied petitioner with multiple applications for rehabilitative facilities to treat her drug and alcohol addictions, but petitioner had not applied to any programs. The circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was in the best interest of the child to terminate petitioner's parental rights because petitioner failed to address her substance abuse issues.

The circuit court held a final dispositional hearing in May of 2019, after petitioner's counsel was able to show proof of petitioner's prior medical emergency. Petitioner testified that she was in the emergency room during the previous dispositional hearing and missed drug screens because she was participating in a twenty-eight-day substance abuse treatment program. After her testimony, the circuit court ordered that petitioner be immediately drug tested. Petitioner submitted a sample, which tested positive for methamphetamine, amphetamine, and fentanyl, and then left the courthouse. Upon receipt of the test results, the circuit court upheld its previous findings from the April of 2019 dispositional hearing and terminated petitioner's parental rights by order entered on June 13, 2019. It is from this dispositional order that petitioner appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such

---

[2]The parental rights of the unknown father were also terminated below. According to the DHHR, the permanency plan for K.R. is adoption by her foster family.

2

child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in finding that she did not successfully complete her improvement period. Petitioner contends that she participated in the DHHR's services, such as her adult life skills and parenting classes, and completed a twenty-eight-day rehabilitation program. Also, petitioner argues that she attained full-time employment and did so well that her supervised visitations were graduated to unsupervised. We disagree, and note that, on appeal, petitioner cannot establish that the circuit court's findings necessary for termination were in error.

> At the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child.

Syl. Pt. 6, *In Interest of Carlita B.*, 185 W. Va. 613, 408 S.E.2d 365 (1991). Here, petitioner was ordered to regularly submit to drug screens but failed to do so after the February of 2019 review hearing. As a result of the missed drug screens, petitioner also missed supervised visits with the child. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). While it is true that petitioner completed a twenty-eight-day rehabilitation program and obtained employment, the record indicates that her drug and alcohol addiction persisted as she tested positive for drugs at the final dispositional hearing. To the extent petitioner argues that she substantially complied with certain aspects of her improvement period, we have held that "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, 233 W. Va. 57, 754 S.E.2d 743 (2014). Further, petitioner violated the DHHR's rules for visitation when she was found severely intoxicated by the police when the child was supposed to be in her unsupervised care. Based upon the evidence in the record, we find no abuse of discretion in the circuit court's finding that petitioner failed to successfully complete her post-adjudicatory improvement period.

Petitioner also argues that the circuit court erred in terminating her parental rights by finding that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect in the near future. Petitioner contends that she could have "continued to work on her issues, [and] rectified the problems," had she been given a less-restrictive disposition by the circuit court. We disagree.

West Virginia Code § 49-4-604(b)(6) permits a circuit court to terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. Further, pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes one in which "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child."

The above-mentioned evidence also supports the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect, given her continuing addiction and noncompliance during the proceedings. Additionally, the record shows that the child's welfare required termination of petitioner's parental rights because her admitted substance abuse prevented her from properly supervising the child, as evidenced by her encounter with the police during an unsupervised visit. "'In a contest involving the custody of an infant the welfare of the child is the polar star by which the discretion of the court will be guided.' Syl. Pt. 2, *State ex rel. Lipscomb v. Joplin*, 131 W.Va. 302, 47 S.E.2d 221 (1948)." Syl. Pt. 3, *In re S.W.*, 233 W. Va. 91, 755 S.E.2d 8 (2014). As such, the record supports the findings that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and that termination was necessary for the child's welfare given petitioner's failure to comply with the family case plan.

To the extent petitioner claims that she should have been granted a less-restrictive disposition because she may eventually be able to correct the conditions of abuse and neglect, we note that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4, in part (citation omitted). Moreover,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Because the circuit court properly found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future, a less-restrictive disposition was not warranted.

4

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 13, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: April 6, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison